UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:22-CV-983-AGF |
| | ) |
| ERIC WILLIAMS,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

Petitioner, a federal prisoner currently incarcerated at Greenville FCI in Greenville, Illinois, has filed a petition seeking relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Court has reviewed the petition, and has determined it should be transferred to the United States District Court for the Southern District of Illinois.

## Background

On June 17, 2015, petitioner pleaded guilty to possession with intent to distribute heroin, and possession of a firearm in furtherance of drug trafficking crime. *U.S. v. Wallace*, No. 4:15-CR-37-HEA (E.D. Mo. 2015). On September 14, 2015, the Court sentenced him to serve a total of 137 months in prison, and ordered the sentence to run consecutively to the sentence imposed by the St. Louis County Circuit Court under Docket No. 09SL-CR09391-01. Petitioner did not appeal, nor did he timely seek relief under 28 U.S.C. § 2255.

---

[1] In the petition, petitioner named the United States of America as the respondent. However, he clearly filed the petition pursuant to 28 U.S.C. § 2241 to challenge his present physical custody. According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Accordingly, Eric Williams, the warden of Greenville FCI, is the proper respondent.

On August 8, 2017, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *Wallace v. U.S.,* No. 4:17-CV-2258-HEA (E.D. Mo. 2017). The Court determined the motion was untimely and dismissed it, and petitioner appealed. On January 23, 2018, the United States Court of Appeals for the Eighth Circuit dismissed the appeal. *Wallace v. U.S.,* No. 17-3264 (8th Cir. 2017). Petitioner has also filed unsuccessful motions in his criminal case seeking a reduction in his sentence. *See U.S. v. Wallace*, No. 4:15-CR-37-HEA.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on September 15, 2022. In the petition, petitioner cannot be understood to directly attack the legality of the sentences imposed in *U.S. v. Wallace*, No. 4:15-CR-37-HEA. Instead, he complains that the Federal Bureau of Prisons "will not credit" the dates November 21, 2014 to November 19, 2016 to his sentence. (ECF No. 1 at 3). As relief, petitioner states he "seeks full concurrency for his relevant conduct arising from the same original incident." *Id.*

## Discussion

The Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence … [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241." *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976). In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," the Eighth Court has held that such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241." *U.S. v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

However, jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a

custodian responsible for the confinement is present. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). As noted above, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447.

In this case, petitioner is not confined within the Eastern District of Missouri, and there is no custodian present in this district over whom this Court would have jurisdiction. Petitioner is incarcerated in a federal facility in Greenville, Illinois, which is located in Bond County. Bond County is within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c).

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought. Additionally, the Court notes that the district of confinement is "normally the forum most convenient to the parties." *McCoy*, 537 F.2d at 966. Here, in consideration of petitioner's *pro se* status, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Southern District of Illinois.

Dated this 22nd day of September, 2022.

                                                        AUDREY G. FLEISSIG
                                                       UNITED STATES DISTRICT JUDGE